NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSLYN DARLING, AKA Robin Hughes, | No.    16-55132 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-07086-RGK-SP |
| v. | |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted August 8, 2017**

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Rosyln Darling, aka Robin Hughes, appeals pro se from the district court's

judgment dismissing her 42 U.S.C. § 1983 action alleging civil rights violations in

connection with her arrest and detention related to a domestic dispute with her

roommate.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *See*

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Franklin v. Fox*, 312 F.3d 423, 436 (9th Cir. 2002) (summary judgment); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim). We affirm.

1. The district court properly dismissed Darling's claims for inadequate medical care and unconstitutional conditions of confinement because under any potentially applicable standard, Darling failed to allege facts sufficient to show that defendants knew of and disregarded an excessive risk to her health or safety. *See Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) ("To establish a prison official's deliberate indifference, an inmate must show that the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded the risk."); *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (pretrial detainee's claim of deliberate indifference to a serious medical need is analyzed under the Fourteenth Amendment Due Process Clause rather than under the Eighth Amendment, but same standards apply); *cf. Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc) (elements of Fourteenth Amendment pretrial detainee failure-to-protect claim).

2. The district court properly dismissed Darling's equal protection claim because Darling failed to allege facts sufficient to show intentional discrimination on the basis of gender. *See Lee*, 250 F.3d at 686 (a § 1983 equal protection claim requires showing "that the defendants acted with an intent or purpose to discriminate

against the plaintiff based upon membership in a protected class." (citation and internal quotation marks omitted)).

3.   The district court properly dismissed Darling's excessive force claim because Darling failed to allege facts sufficient to show that the defendants used force that was objectively unreasonable. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (elements of excessive force claim under the Fourteenth Amendment).

4.   The district court properly dismissed Darling's Fourth Amendment claims related to her June 2010 arrest because she failed to allege facts sufficient to show that the officers did not have probable cause for the arrest. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (defining probable cause and explaining that it is an objective standard); *Dubner v. City & Cty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001) (a plaintiff must allege there is no probable cause in order to prevail on a § 1983 claim for unlawful arrest).

5.   The district court properly granted summary judgment on Darling's false arrest and malicious prosecution claims related to her August 2010 arrest because Darling failed to raise a genuine dispute of material fact as to whether defendants had probable cause for the arrest. *See Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (en banc) (setting forth elements of malicious prosecution claim under § 1983); *Dubner,* 266 F.3d at 964 (a plaintiff must show there is no probable

cause in order to prevail on a § 1983 claim for unlawful arrest); *see also Smith v. Almada*, 640 F.3d 931, 937-39 (9th Cir. 2011) (probable cause constitutes a defense to false arrest and malicious prosecution under federal law).

**6.** The district court properly granted summary judgment on Darling's excessive bail claim because Darling failed to raise a genuine dispute of material fact as to whether defendants "deliberately or recklessly misled" a judicial officer in connection with Darling's bail. *See Galen v. County of Los Angeles*, 477 F.3d 652, 663-64 (9th Cir. 2007).

**7.** The district court did not abuse its discretion in denying Darling's motion for a discovery cut-off extension and postponement of the litigation because Darling failed to demonstrate good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (setting forth standard of review and "good cause" requirement to modify a scheduling order).

**8.** The district court did not abuse its discretion in denying Darling's request for recusal because Darling failed to establish any ground for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and grounds for recusal).

**9.** We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported Darling's contentions regarding judicial misconduct and corruption.

Darling's request for mediation, set forth in her opening brief, is denied.

**AFFIRMED.**

16-55132